UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| DAVID M. SMITH, | : | Case No. 2:24-cv-681 |
| Plaintiff, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| MR. J. OPPY, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate currently housed at the Mansfield Correctional Institution (MaCI), in Mansfield, Ohio, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against officials of the Ohio Department of Rehabilitation and Correction (ODRC), the Inspector at MaCI, and personnel at the Southern Ohio Correctional Facility (SOCF), where he was housed prior to MaCI. Plaintiff alleges retaliatory interference with his property, including his legal documents.[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. §

---

[1] More specifically, plaintiff names as defendants ODRC Assistant Chief Inspector K. Morrow, ODRC Chief Inspector C. Lambert, MaCI Inspector D. Blankenship, SOCF Acting Deputy Warden/U.M.C. J. Oppy, SOCF Sergeant Chinn (alternatively spelled "Chann" in the complaint), and SOCF Inspector Parker. (Doc. 1-1, at PageID 9, 12, 15-17).

1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of Complaint

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.  Plaintiff's Allegations**

Plaintiff alleges that he was transported to SOCF on May 28, 2023, and "placed into [a] Level 5" security classification. (Doc. 1-1, at PageID 13). On August 17, 2023, plaintiff's

security classification was allegedly decreased to a Level 3, and he was taken to the Receiving and Discharging Office ("R and D") to retrieve his property, apparently in preparation for his move to MaCI. (*Id*.). Plaintiff alleges, however, that not all of his property was there and he was told that he could return to "R and D" later. (*Id*.). Plaintiff asserts that when he returned to "R and D" later the same day, he again indicated that not all of his property was there. (*Id*.). But, according to plaintiff, most of his legal documents were there. (*Id*.). At some time later, also on the same day, plaintiff was allegedly called into defendant Chinn's office, where there was a big tub of plaintiff's legal documents. (*Id*.). When plaintiff asked about the rest of his property, defendant Chinn allegedly told plaintiff that if he was given all of his property he would be over the "2.4" limit. (*Id*.). Plaintiff alleges that the box in Chinn's office contained transcripts, some briefs, and some affidavits, but was missing other important legal materials for an "active" case that was pending in the Sixth Circuit and in which plaintiff had been granted a Certificate of Appealability. (*Id*., at PageID 13-14). Defendant Chinn stated he would get back to plaintiff the following week. (*Id.,* at PageID 14*)*.

Plaintiff alleges that the following week he was called back into Chinn's office and they went back to "R and D" to go over plaintiff's property. (*Id*.). Plaintiff states that Chinn asked him to sign the property slip but he refused because "if you sign then you'[v]e admitted that all your property is there." (*Id*., at PageID 15). Plaintiff alleges that on August 25, 2023, Chinn asked him to sign a cash slip to mail out contraband "per [defendant] Jeremy A. Oppy." (*Id*.). Plaintiff alleges that the next day his account indicated that $69.50 had been withdrawn to send out two boxes of "legal material and whatever else." (*Id*.). According to plaintiff, the two boxes were sent to the wrong address and returned to sender. (*Id*.). Plaintiff also alleges that the

"official [D]eputy Warden" had told Oppy several times to give plaintiff his legal materials but Oppy refused. (*Id*.). Additionally, plaintiff asserts that Chinn was told to file a "theft loss report" but refused the order. (*Id*., at PageID 16).

Plaintiff alleges that on August 28, 2023, SOCF sent 4 boxes of property to MaCI. (*Id*.). Defendant Blankenship allegedly falsely claimed to have sent the boxes back to SOCF but kept the property in her office. (*Id*.). On October 25, 2023, after filing several grievances that were allegedly affirmed by the Chief Inspector, plaintiff was called into Blankenship's office and given back his TV, fan, book-lamp, "contraband" game, and liners. (*Id*.). Plaintiff states that he was told, without any paperwork to explain why, that the Chief Inspector had determined that plaintiff's legal materials and the rest of his property were contraband. (*Id*.). Plaintiff asserts that his property was labeled contraband in retaliation "for the paperwork that was filed in this case" and that all the defendants "were part of this." (*Id.*).

Plaintiff further alleges that defendant SOCF Inspector Parker "tried to cover up" for defendant Chinn and conferred with the Chief Inspector and defendant Blankenship "about what to do with the legal material(s)." (*Id*., at PageID 16). Plaintiff alleges that defendant ODRC Assistant Chief Inspector Morrow "threatened to punish" plaintiff if he "wrote any more informal [sic] or grievances" and told defendant Blankenship to "destroy . . . [or] at least withhold" his legal materials from him. (*Id*., at PageID 17). Plaintiff alleges that defendant Blankenship claimed to have destroyed his legal materials. (*Id*., at PageID 16).

Plaintiff alleges that as a result of defendants' actions "he had to pay [his] lawyer an extra $15,000 to fully take the case over" and that he lost "8 years of legal materials, affidavits of people who are now deceased, affidavits of witnesses, letters from lawyers, . . . transcripts, briefs, and law

5

books." (*Id*. at PageID 18).

Based on the above allegations, plaintiff brings the following claims: (1) defendant Oppy violated his right of access to the courts; (2) defendant Chinn violated his right of access to the courts and retaliated against him; (3) defendant Parker violated his right of access to the courts and retaliated against him; (4) defendant Blankenship violated his right of access to the courts; (5) defendant Morrow violated his right of access to the courts and retaliated against him; and (6) defendant Lambert violated his right of access to the courts. (*Id., at* PageID 15-18).

Plaintiff seeks solely monetary damages for relief. (*Id*., at PageID 18-19).

### C.     Analysis of the Complaint

For the reasons set forth below, plaintiff's complaint is subject to dismissal in its entirety.

***Official Capacity Claims***

As an initial matter, all of the claims against defendants in their official capacities require dismissal. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). A suit against defendants in their official capacities would, in reality, be a way of

pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, defendants are immune from suit in their official capacities as plaintiff seeks only monetary relief in this action.

### *Retaliation Claims*

Next, plaintiff's retaliation claims against defendants should be dismissed. A prisoner's claim of retaliation for engaging in protected conduct is grounded in the First Amendment. *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct, at least in part, motivated the adverse action. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), in turn quoting *Thaddeus-X*, 175 F.3d at 394).

Here, without factual elaboration, plaintiff claims that defendants interfered with his property in retaliation for "the paperwork that was filed in this case." (Doc. 1-1, at PageID 15). Plaintiff also alleges that defendant Morrow "threatened to punish" him if he wrote any more grievances. (*Id.*, at PageID 17).

To the extent that plaintiff alleges that defendants retaliated against him for "the paperwork

that was filed in this case," the complaint does not contain any factual allegations that plausibly suggest that defendants took any action in regard to plaintiff's property in response to protected conduct under the First Amendment. To the contrary, plaintiff asserts that the allegedly improper handling of his property began while he was at SOCF—before he commenced this lawsuit. (*See id.*, at PageID 13-15).

In any event, "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citations omitted). *See also Whiteside v. Collins,* No. 2:08-cv-875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (finding the plaintiff's retaliation claim was subject to dismissal, noting that "conclusory allegations of retaliatory motive and temporal proximity alone are insufficient to establish his retaliation claim") (Report and Recommendation), *adopted*, 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010); *Holt v. Bright*, No. 4:19CV01438, 2020 WL 224575, at *3 (N.D. Ohio Jan. 15, 2020) ("Plaintiff's conclusory allegation that communication and privileges restrictions are related to the filing or threatened filing of this lawsuit are, without more, insufficient to state a claim for retaliation.").

Nor has plaintiff supported his allegation that defendant Morrow threatened to punish him if he filed any more grievances with any facts. Courts have found these types of conclusory allegations insufficient to support a retaliation claim. *See, e.g., Sherrill v. Strand*, No. 2:21-CV-

00244-RMP, 2022 WL 325459, at *4 (E.D. Wash. Feb. 2, 2022) (dismissing retaliation claim and explaining, "[t]o the extent Plaintiff claims that he was 'punished' for filing grievances, he did not support this conclusory assertion with any facts."); *Dean v. Grimes*, No. 2:06-CV-0216, 2007 WL 273698, at *3 (N.D. Tex. Jan. 31, 2007) (finding the plaintiff's claim that "'Sgt. MAES is believed to had [sic] conspired with several named ranking officials to punish the plaintiff' for filing grievances against the defendants" insufficient to state a retaliation claim).

Accordingly, plaintiff's retaliation claims against defendants should be dismissed.

### *Access-to-Courts Claims*

Plaintiff's access-to-courts claims are also subject to dismissal. In order to state a First Amendment claim for a denial of access to the courts, plaintiff must allege facts indicating he was actually impeded in an existing or contemplated non-frivolous legal proceeding. *Lewis v. Casey,* 518 U.S. 343, 351–53 (1996); *Hadix v. Johnson,* 182 F.3d 400, 406 (6th Cir.1999). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Plaintiff has not alleged any of these types of prejudice.[2] Rather, plaintiff alleges that he is represented by counsel in the matter at issue and that the matter is still pending in the Sixth Circuit Court of Appeals.[3] (*See* Doc. 1-1, at PageID 14, 18). Under these

---

[2]Plaintiff does allege that he incurred additional attorneys' fees as a result of the alleged improper handling of his legal documents. These allegations, however, are insufficient to state an access-to-courts claim. *See Harbin-Bey*, 420 F.3d at 578. *See also Davi v. Young*, No. 4:14-CV-04184, 2015 WL 6157917, at *16 (D.S.D. Oct. 20, 2015) (in the absence of allegations that a nonfrivolous legal claim was frustrated or impeded, assertions that the plaintiff's friends and relatives were "inconvenienced or put to extra expense" were insufficient to support access-to-courts claim); *Stockdale v. Dwyer*, No. 1:06-CV-25 CAS, 2007 WL 2994316, at *12 (E.D. Mo. Oct. 11, 2007) (allegations of increased legal expenses in the absence of allegations of obstructed legal matters were insufficient to state an access-to-courts claim).

[3]A look at this Sixth Circuit docket reflects that plaintiff is in fact represented by counsel in the matter and that the case remains pending. *See David Smith v. Cynthia Davis*, Case No. 23-3604 (6th Cir) (docket report). "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d

circumstances, plaintiff's access-to-courts claim is at best premature. *See, e.g., Lamon v. Stephens*, No. 14-CV-01051, 2014 WL 5488381, at *2 (S.D. Ill. Oct. 30, 2014) ("because the underlying case is still pending, [the plaintiff] has yet to suffer any actionable harm."); *Longval v. Maloney*, No. CIV.A. 01-11458, 2002 WL 1729542, at *2 (D. Mass. July 24, 2002) ("Since [the plaintiff's] state suit is still pending, he has not yet been deprived of his property right in a potential damages award in that case, nor is there any certainty that he will be."); *Delew v. Wagner,* 143 F.3d 1219, 1222–23 (9th Cir. 1998) ("However, because the [plaintiffs'] wrongful death action remains pending in state court, it is impossible to determine whether [a violation of their right of access to the courts] has in fact occurred."). Therefore, plaintiff's access-to-courts claim "should be dismissed, without leave to amend but without prejudice to raising in a new action." *Windham v. Franklin*, No. CV 13-3004-SVW JEM, 2014 WL 7740262, at *11 (C.D. Cal. Aug. 29, 2014), *report and recommendation adopted*, No. CV 13-3004-SVW JEM, 2015 WL 500500 (C.D. Cal. Feb. 2, 2015).

### *Conspiracy Claims*

To the extent that plaintiff contends that any of the defendants conspired against him, such a claim is also subject to dismissal. It is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of

---

courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82–83 (6th Cir.1969)); *see also Nat'l Union Fire Ins. Co. v. VP Bldgs., Inc.,* 606 F.3d 835, 839 n. 2 (6th Cir.2010); *Lyons v. Stovall,* 188 F.3d 327, 333 n. 3 (6th Cir.1999).

conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Here, plaintiff's factual allegations are insufficient to plausibly suggest that the defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally protected right.

### *Failure to Take Corrective Action*

Finally, the complaint should be dismissed to the extent plaintiff alleges that any of the defendants failed to take corrective action. (*See* Doc. 1-1, at PageID 18 (alleging "[t]he defendants . . . failed to alleviate the interference with my access to courts claim")). "Prison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison officials alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, plaintiff's claims that any defendant failed to investigate his complaints or take corrective action should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, in sum, the undersigned **RECOMMENDS** that the Court **DISMISS** plaintiff's access-to-courts claims **without prejudice** as premature and **DISMISS** the remainder of the complaint **with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** plaintiff's access-to-courts claims **without prejudice** as premature. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

2. The Court **DISMISS** the remainder of the Complaint **with prejudice** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| | |
|---|---|
| <u>March 14, 2024          </u> | <u>*s/Peter B. Silvain, Jr.*               </u> |
| | PETER B. SILVAIN, JR. |
| | United States Magistrate Judge |