IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David M. Smith,

    Plaintiff,                           Case No. 2:24-cv-681
                                       Judge James L. Graham
v.                                               Magistrate Judge Peter B. Silvain, Jr.

Mr. J. Oppy, *et al.*,

    Defendants.

## Opinion and Order

This matter is before the Court on plaintiff David M. Smith's objections to the Magistrate Judge's Report and Recommendation (Doc. 4). Plaintiff asserts that his rights under the First Amendment to the United States Constitution were violated while he was incarcerated in certain state correctional facilities. The Magistrate Judge recommended that the complaint be dismissed in its entirety. Upon *de novo* review, the Court agrees that the complaint should be dismissed.

I.

Plaintiff brought this action *pro se* to recover monetary damages resulting from alleged violations of his constitutional rights. Plaintiff alleges that officials of the Ohio Department of Rehabilitation and Correction engaged in retaliatory interference with his legal documents. Plaintiff was transferred from the Southern Ohio Correctional Facility to the Mansfield Correctional Institution in 2023. According to plaintiff, he has a substantial amount of legal documents, some of which he has not received since being transferred. Plaintiff alleges that the legal documents were withheld for retaliatory reasons. In addition, he alleges that defendants' withholding of his legal documents interfered with his access to the courts because it impeded his ability to maintain an appeal before the Sixth Circuit of a federal district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The Magistrate Judge conducted an initial screening of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) (B), 1915A(b). He construed the complaint as asserting claims under 28 U.S.C. § 1983 for: (1) retaliation in violation of the First Amendment against defendants SOFC Sergeant Chinn, SOCF Inspector Parker, and ODRC Assistant Chief Inspector Morrow; (2) interference with access to the courts in violation of the First Amendment against defendants Chinn, Parker, and Morrow, as

1

well as SOCF Acting Deputy Warden Oppy, MaCI Inspector Blankenship, and ODRC Chief Inspector Lambert; (3) conspiracy to violate plaintiff's civil rights against all defendants; and (4) failure to take corrective action against all defendants.

The Magistrate Judge recommended that each of plaintiff's claims be dismissed. The Magistrate Judge found that plaintiff had not plausibly supported his retaliation claims by identifying the protected conduct in which he had engaged or by alleging a retaliatory motive. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Magistrate Judge explained:

> Here, without factual elaboration, plaintiff claims that defendants interfered with his property in retaliation for "the paperwork that was filed in this case." . . . [T]he complaint does not contain any factual allegations that plausibly suggest that defendants took any action in regard to plaintiff's property in response to protected conduct under the First Amendment. To the contrary, plaintiff asserts that the allegedly improper handling of his property began while he was at SOCF—before he commenced this lawsuit.

Doc. 4, pp. 7–8.

Turning to the access-to-courts claim, the Magistrate Judge found that plaintiff failed to identify actual prejudice as a result of the alleged interference with his legal documents.

> In order to state a First Amendment claim for a denial of access to the courts, plaintiff must allege facts indicating he was actually impeded in an existing or contemplated non-frivolous legal proceeding. *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *Hadix v. Johnson*, 182 F.3d 400, 406 (6th Cir. 1999). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Plaintiff has not alleged any of these types of prejudice. Rather, plaintiff alleges that he is represented by counsel in the matter at issue and that the matter is still pending in the Sixth Circuit Court of Appeals.

Doc. 4, pp. 9 (footnotes omitted). Because his appeal was still pending before the Sixth Circuit, the Magistrate Judge recommended that the claim be dismissed as premature.

The Magistrate Judge also recommended dismissal of any conspiracy claim because the allegations were vague and conclusory. Finally, the Magistrate Judge found that any claim for failure to investigate should be dismissed because a prison official whose only role is the denial of administrative grievances cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

II.

Plaintiff has filed objections, but they fail to overcome the deficiencies identified by the Magistrate Judge. With respect to the retaliation claims, plaintiff vaguely argues that he "air[ed] grievances" and was told by an unidentified person that he "would be restricted" if he kept airing grievances. Doc. 5, p. 3. But plaintiff does not offer any factual allegations which would support a plausible inference that the unspecified grievances were known to defendants and motivated them to retaliate against him by withholding his legal documents.

With respect to the access-to-courts claim, plaintiff asserts that defendants' interference with his legal documents forced him to seek two extensions of deadlines with the Sixth Circuit. But plaintiff was not prejudiced by the need to file for extensions. A review of the docket in *Smith v. Davis*, No. 23-3604 (6th Cir.), shows that plaintiff was represented by legal counsel in his habeas appeal and that both requests for extensions were granted. Further underscoring the lack of any actual prejudice is the fact that, since the time the Report and Recommendation was filed, the Sixth Circuit issued a decision in favor of plaintiff. The Sixth Circuit reversed the district court's denial of habeas relief and remanded the matter with the instruction that the district court issue a writ of habeas corpus unless the State proceeds with a new trial against plaintiff within 180 days. *See id.*, Doc. 20-2.

Finally, plaintiff argues that he can show that defendants conspired against him and that they each had authority to take corrective action. However, these contentions, like his complaint, are vague and conclusory.

III.

Accordingly, the Report and Recommendation (doc. 4) is hereby ADOPTED, plaintiff's objections (doc. 5) are OVERRULED, and the complaint is DISMISSED. Plaintiff's motion for a control number (doc. 6) is DENIED.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this order would not be taken in good faith for the reasons stated in the Report and Recommendation. Therefore, the Court declines to issue a certificate of appealability and denies petitioner leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

*s/ James L. Graham*
JAMES L. GRAHAM
DATE: December 5, 2024                             United States District Judge